# EXHIBIT B

Electronically Filed
4/8/2022 5:50 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Alexander McTarian, ESQ.
Nevada Bar No. 14404
Jamie Corcoran, Esq.
Nevada Bar No. 11790
**Nevada Legal Group**
Jamie@nevadalegalgroup.com
3225 S. Rainbow, Suite 204
Las Vegas, Nevada 89146
P. 702.538.7824
F. 702.825.5658
Attorneys for Plaintiff

CASE NO: A-22-850890-C
Department 1

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| Aleksandre Gogyan, individually; <br><br> Plaintiffs, <br><br> vs. <br><br> John Finnegan; Truly Nolen of America, Inc.; and DOES 1 through 100; and ROE CORPORATIONS 101 through 200 <br><br> Defendants. | CASE NO.: <br> DEPT. NO.: |

**COMPLAINT**

Plaintiff, by and through his attorneys of record, Alexander McTarian, Esq. and Jamie H. Corcoran, Esq. of the the Nevada Legal Group, hereby Complaint and Allege against the above-named Defendants as follows:

///

///

## GENERAL ALLEGATIONS

1. Upon information and belief, Plaintiff is and was a resident of the, State of Nevada, county of Clark at all material times herein.

2. Upon information and belief Defendant, John Finnegan, (hereinafter Finnegan) is an adult and was present in the state of Nevada, county of Clark at the time of the incident.

3. Upon information belief, Defendant, Truly Nolen of America, Inc. (hereinafter "Truly Nolen") is a company doing business in Clark County Nevada and subject to said jurisdiction.

4. Upon information and belief, Truly Nolen, commonly referred to as Truly Nolen, Truly Nolen Inc, and Truly Nolen Pest Control, was and is doing business in clark county state of Nevada and was present in Nevada and had such presence on the date of the incident.

5. Upon information and belief, Defendant, Finnegan, was the operator and/or individual in control of the at-fault vehicle for the accident in Clark County, Nevada on June 17, 2021.

6. Upon information and belief, Defendant Truly Nolen was the owner and/or lessor and/or entity responsible and in control of the vehicle and/or driver at issue herein and authorized Finnegan to operate the vehicle.

7. Upon information and belief, Defendant, Finnegan was operating the vehicle in the course and scope of his employement or agency and/or under the permission of Truly Nolen and/or its subsidiaries, franchises,

and/or affiliates.

8. Upon information and belief, Defendant, Finnegan, Truly Nolen, along with DOE and ROE defendants, was the individual in control of the vehicle at issue and authorized all other defendants, including defendant, Finnegan, to operate the vehicle and is vicariously liable for the actions of Finnegan.

9. Together, Defendants, Finnegan, and unknown DOE and ROE defendants, are individually and separately liable for the claims asserted against them, were authorized to operate the vehicle, and were in control of the vehicle.

10. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES I through X and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; on information and belief, Plaintiff alleges that the Defendants, and each of them, designated herein as a DOE or ROE CORPORATION were responsible in some manner for the injuries sustained by the Plaintiffs resulting from the Accident and is liable for all damages due to Plaintiff as alleged herein. Additional DOE DRIVER AND DOE OWNERS OF THE AT FAULT VEHICLE are not known at this time. Plaintiff will ask leave of court to amend this Complaint to insert the true names and capacities when the same is ascertained and to join such Defendants in this action. DOE 1 is the actual legal owner/contractor/lessor of the vehicle. The

DOE 2 is the actual driver of the vehicle. The DOE 3 is the unknown employer of the vehicle driver and/or the owner of the vehicle. The DOE 4 is the unknown person or entity that was in control of the subject car herein. The DOE 5 is the unknown individual or enity who rented, leased, or otherwise owned or managed the vehicle and/or occupants at issue herein. The DOE 6 is the unknown true legal name of Truly Nolen and/or its affiliates or subsidiaries.

11. At all times herein, Defendant driver was driving, operating and using said vehicle with the knowledge, permission and consent and under the direct supervision and control of the owner/controller of the vehicle, including DOES and ROES and and Finnegan.

12. At all times herein, Defendant driver was an agent, servant, and employee of the owner of the at fault vehicle and were acting within the course and scope of said employment and/or agency.

## FACTUAL BACKGROUND

13. On or about June 17, 2021, Plaintiff was properly operating his vehicle in Clark County.

14. Defendant, Finnegan, failed to notice what was in plain view, failed to reduce speed and caused a crash with Plaintiff's vehicle.

15. Upon information and belief, Defendant, Finnegan, failed to maintain his lane or watch for other motorists striking the plaintiff.

16. Upon information and belief, Defendant, Finnegan, under the permission and control of all other defendants, known and unknown, including Truly Nolen, was the at-fault driver of this accident.

17. Plaintiff suffered personal injury and property damage in excess of $15,000.

### CLAIMS FOR RELIEF
### (NEGLIGENCE)

18. Plaintiff hereby incorporates by this reference paragraphs 1-17 as if fully set forth herein at length.

19. Defendant, Finnegan, was negligent in that, without limitation, Defendant failed to use due care in the operation of said vehicle, including, but not limited to:

    a. Failing to pay full time attention to the road and Defendant's surroundings;

    b. Failing to avoid Plaintiffs' vehicle which was in plain view,

    c. Failing to decrease speed and/or travel at a reasonable rate of speed under the circumstances; and

    d. Striking Plaintiff's vehicle.

    e. Failing to maintain lane

    f. Failing to abide by traffic rules.

20. As a direct and proximate result of Defendant's, and each of them, known and unknown, breach of duty of due care, Plaintiff has suffered property damage and bodily injury and has been rendered sick and lame in an amount in excess of $15,000 and property damages, rental car fees, towing fees, emotional distress, pain and suffering, and medical damages, in excess of $15,000.

21. Defendants, and each of them known and unkonwn's conduct alleged herein constitutes negligence per se in that Defendant's failure to pay full attention under the circumstances and use due care herein has

-5-

      directly and proximately resulted in injury to Plaintiff, as set forth herein. Defendant further failed to drive with due care and failed to yield.

22. Plaintiff is within the protected class under the applicable statute(s) and have suffered the type of harm said statue was meant and/or designed to prevent in an amount in excess of $15,000.

23. Plaintiff is entitled to all attorney's fees and costs of suit herein by virtue of having to prosecute the within action.

24. Due to Defendants', and each of them known and unknown, negligence, Plaintiff has accumulated bodily injury damages, emotional damages, general damages, and property damages, rental fees and storing the vehicle damages in excess of $15,000.

## NEGLIGENT HIRING/SUPERVISION

25. Plaintiff re-alleges each of the foregoing allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. In addition to their direct liability, Defendants, and each of them, known and unknown, including Truly Nolen, were and are vicariously liable for the acts and omissions of any staff, agents, apparent agents, servants, contractors, employees or by such other persons or entities, consultants, independent contractors, whether in house or outside, entities, individuals, agencies or pools which in any manner caused or contributed to Plaintiff's irreparable harm and damage.

27. At all times relevant herein, Defendants, through its agents, servants and/or employees thereof, were acting within the scope of employment with the knowledge, permission and consent of it's employer(s) and/or contractors. Therefore, employer(s) are responsible and liable for all of its employee's negligent conduct set forth herein under the theory of respondeat superior.

28. Upon information and belief, Defendants, including Truly Nolen employed Defendant, Finnegan, and are responsible for his actions.

29. At all times material, Defendant was in control of, and responsible for training, hiring, and/or screening employees/contractors working and driving, including Mr. Truly Nolen, in a way designed to protect persons such as Plaintiff from harm.

30. Defendant, and each of them, known and unknown, breached its duty to Plaintiff in one or more of the following respects, but not limited to:

    a. Failing to adequately supervise employees, agents, contractors and/or subsidiaries.
    b. Failing to adequately train employees, agents, contractors and/or subsidiaries.
    c. Failing to adequately screen potential employees, agents, contractors and/or subsidiaries before their hiring/contracting.
    d. Failing to follow safety protocol.

31. Defendant's breach of these duties directly and proximately caused Plaintiff's injuries.

32. Upon information and belief Defendant, Finnegan was authorized to operate the subject vehicle, was in the course and scope of his employement with Truly Nolen, and therefore Truly Nolen and/or DOE defendants are vicariously liable for the actions of its driver, including Finnegan.

33. Plaintiff has suffered injury and damages in an amount in excess of $15,000.00 subject to proof at trial.

34. At all times relevant herein, DOE Defendants, through its agents, servants and/or employees thereof, were acting within the scope of employment with the knowledge, permission and consent of it's employer(s) and/or contractors. Therefore, employer(s) are responsible and liable for all of it's employee's

negligent conduct set forth herein under the theory of respondeat superior.

35. Plaintiff has suffered injury and damages in an amount in excess of $15,000.00 subject to proof at trial.

**WHEREFORE**, Plaintiff, reserving his right individually or through representatives, to amend the Complaint prior to, or at the time of trial of this action to insert those items of damage not yet fully ascertainable, pray for judgment against said Defendants, and each of them, as follows:

1. For General and Special Damages in a sum in excess of $15,000.00 subject to proof at trial against all Defendants.

3 For Attorneys' Fees and Costs of suit as well as prejudgment interest;

4. For such other and further relief as the Court may deem just and equitable in the matter.

DATED this ___8th___ day of April, 2022

                                        Respectfully submitted,

                                        **NEVADA LEGAL GROUP**

                                        /s/ Jamie Corcoran
                                        _____
                                        Alexander McTarian, ESQ.
                                        Nevada Bar No. 14404
                                        Jamie Corcoran, Esq.
                                        Nevada Bar No. 11790
                                        **Nevada Legal Group**
                                        Jamie@nevadalegalgroup.com
                                        3225 S. Rainbow, Suite 204
                                        Las Vegas, Nevada 89146
                                        *Attorneys for Plaintiff*

**IAFD**
Alexander McTarian, ESQ.
Nevada Bar No. 14404
Jamie H. Corcoran, ESQ.
Nevada Bar No. 11790
**Nevada Legal Group**
Jamie@nevadalegalgroup.com
3225 S. Rainbow, Suite 204
Las Vegas, Nevada 89146
P. 702.538.7824
F. 702.825.5658
Attorneys for Plaintiffs

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| Aleksandre Gogyan, individually;<br><br>　　　　　Plaintiffs,<br>vs.<br><br>John Finnegan; Truly Nolen of America, Inc.; and DOES 1 through 100; and ROE CORPORATIONS 101 through 200<br><br>　　　　　Defendants. | CASE NO.: A-22-850890-C<br>DEPT. NO.: 1 |

### INITIAL APPEARANCE FEE DISCLOSURE

Plaintiffs, by and through his attorneys of record, Alexander McTarian, ESQ. and Jamie H. Corcoran, ESQ. of the Nevada Legal Group hereby submits her Initial Appearance and Fee Disclosures in the above-captioned matter, pursuant to NRS Chapter 19, as amended by Senate Bill 106. Filing fees are indicated below:

1. Plaintiff Aleksandre Gogyan　　: $270.00

TOTAL REMITTED : $270.00

DATED this __8th__ day of April, 2022

                Respectfully submitted,

                **NEVADA LEGAL GROUP**

                /s/ Jamie Corcoran

                Alexander McTarian, ESQ.
                Nevada Bar No. 14404
                Jamie H. Corcoran, ESQ.
                Nevada Bar No. 11790
                **Nevada Legal Group**
                Jamie@nevadalegalgroup.com
                3225 S. Rainbow, Suite 204
                Las Vegas, Nevada 89146
                *Attorneys for Plaintiffs*